UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 26-5750

ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS, et al.,
*Plaintiffs/Appellees*,

v.

LEE ZELDIN,
*Defendant/Appellant*.

No. 26-5756

STATE OF CALIFORNIA, et al.,
*Plaintiffs/Appellees*,

v.

LEE ZELDIN,
*Defendant/Appellant*.

Appeal from the U.S. District Court for the Northern District of California,
Nos. 4:26-cv-3118, 4:26-cv-3500 (Hon. Haywood S. Gilliam, Jr.)

**MOTION TO EXPEDITE**

Defendant-Appellant Lee Zeldin, in his official capacity as Administrator of the U.S. Environmental Protection Agency (hereafter, EPA), hereby moves for expedited briefing, oral argument, and consideration pursuant to Circuit Rule 27-12.[1]

There is good cause to expedite this appeal. This appeal is from a final judgment that granted a mandatory injunction to Plaintiffs-Appellees (various nongovernmental organizations, states, and local governments), compelling EPA to promulgate certain air-quality designations for "all areas of the country" under the Clean Air Act "no later than February 6, 2027." No. 4:26-cv-3118, Doc. 66 at 29 (N.D. Cal. July 17, 2026) (summary judgment order); *see also id.*, Doc. 67 (N.D. Cal. July 20, 2026) (entering final judgment "consistent with" that order); 42 U.S.C. § 7407(d)(1). Absent consideration and a decision by this Court before January 29, 2027 (approximately one week before the district court's compliance deadline), EPA must finalize a resource-intensive and nationwide designation process, even though Plaintiffs are not entitled to the injunction they obtained. Expedited scheduling and ruling are necessary to avoid the need to engage in emergency motions practice.

EPA also respectfully requests that this Court set a schedule for briefing and oral argument as follows: EPA's opening brief would be due on September 30,

---

[1] EPA intends to separately move to consolidate *Alliance of Nurses for Healthy Environments v. Zeldin*, No. 26-5750, and *California v. Zeldin*, No. 26-5756. The district court resolved summary-judgment motions for both cases in the same order, and it entered a judgment captioned for both cases consistent with the summary-judgment order. Accordingly, this motion to expedite seeks relief as to both cases.

2026; Plaintiffs' answering brief(s) would be due October 30, 2026; EPA's reply brief would be due November 20, 2026; and oral argument would be calendared for one of this Court's regular sessions during the week of December 7, 2026.

Undersigned counsel has conferred with counsel for Plaintiffs in *Alliance of Nurses* and *California*. Plaintiffs' position is as follows:

> Plaintiff-Appellees do not object to expedition of this case on a schedule that allows this Court to take action by EPA's requested January 29, 2027 date. However, Plaintiff-Appellees respectfully request that their Brief(s) be due no earlier than November 13th, to accommodate numerous conflicts that multiple counsel have, including, among other conflicts, lead counsel for Plaintiffs in both cases assisting briefing any responses to the petitions for certiorari in *Kentucky v. EPA*, Supreme Court Case No. 26-277 and *Chamber of Commerce v. EPA* [to be docketed], and lead counsel for State and Local Government Plaintiffs presenting oral argument in the D.C. Circuit on October 5th.

## BACKGROUND

### I. Legal background

The Clean Air Act sets out a comprehensive program for regulating emissions of air pollutants. 42 U.S.C. § 7401 et seq. "Built on a scheme of 'cooperative federalism,'" the Act is implemented by both the federal and state governments. *MacClarence v. EPA*, 596 F.3d 1123, 1125 (9th Cir. 2010). Among other things, EPA identifies certain air pollutants that may reasonably be anticipated to endanger public health and welfare, and formulates national ambient air quality standards (NAAQS)

specifying the maximum permissible concentrations of those pollutants in the ambient air. 42 U.S.C. §§ 7408-7409. EPA must periodically review the standards in a particular way and revise them, as appropriate. *Id.* § 7409(d)(1).

NAAQS revisions trigger various obligations for EPA, states, and regulated parties. When EPA promulgates a new or revised NAAQS, states must submit to EPA a list of initial designations for all areas within their borders, labeling each area as "attainment" or "nonattainment" for the NAAQS, or "unclassifiable" if there is insufficient information to determine the attainment status. *Id.* § 7407(d)(1)(A). EPA then "promulgate[s]" "designations of all areas (or portions thereof) submitted" by the states, and the agency has discretion to modify the states' initial area designations. *Id.* § 7407(d)(1)(B)(i)-(ii). If a state fails to submit initial designations, whether for some or all areas, EPA must promulgate the designation that it "deems appropriate for any area (or portion thereof) not designated by the State." *Id.* § 7407(d)(1)(B)(ii). This highly technical process requires substantial collaboration with the states. *See Miss. Comm'n on Env't Quality v. EPA*, 790 F.3d 138, 145-46 (D.C. Cir. 2015).

EPA must promulgate area designations "as expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the new or revised [NAAQS]." 42 U.S.C. § 7407(d)(1)(B)(i). "Such period may be extended for up to

one year in the event the Administrator has insufficient information to promulgate the designations." *Id.*

## II. Factual and procedural background

In 2021, EPA took the unprecedented step of reconsidering the NAAQS for fine particulate matter, referred to as "$PM_{2.5}$," without completing a "thorough review" as required by the Clean Air Act. *Id.* § 7409(d)(1). EPA then promulgated a final rule in 2024 that lowered the primary annual $PM_{2.5}$ standard from 12.0 to 9.0 micrograms per cubic meter. 89 Fed. Reg. 16202 (Mar. 6, 2024) (2024 standard). A broad coalition of states and regulated entities challenged the 2024 standard in the D.C. Circuit. *See Kentucky v. EPA*, 179 F.4th 963, 969-70 (D.C. Cir. 2026). Upon further review, EPA confessed error in promulgating that standard and requested that the D.C. Circuit vacate the standard. *Id.*

Without awaiting a decision on the 2024 standard's validity, Plaintiffs here sued EPA in the Northern District of California, alleging that EPA has not timely promulgated area designations for "all areas of the country" as required after promulgation of the "revised" $PM_{2.5}$ standard in 2024. No. 4:26-cv-3118, Doc. 1 ¶ 5 (N.D. Cal. Apr. 13, 2026) (marks omitted); No. 4:26-cv-3500, Doc. 56 ¶¶ 1, 48 (N.D. Cal. June 23, 2026). Plaintiffs' complaints requested declaratory and injunctive relief that EPA must promulgate area designations for all areas of the country.

Almost immediately after filing their original complaints (indeed, in one case, on the same day), Plaintiffs moved for summary judgment. EPA opposed Plaintiffs' summary-judgment motions for several reasons, including: (1) Plaintiffs' claims were prudentially unripe because, if the 2024 standard is found unlawful and vacated, then the Clean Air Act would not require EPA to promulgate area designations for the new standard, (2) Plaintiffs lack Article III standing, and (3) Plaintiffs' proposed timeline for EPA to promulgate nationwide area designations was infeasible.

On June 26, 2026, the D.C. Circuit denied EPA's motion to vacate the 2024 standard and otherwise rejected challenges to the standard's legality. *Kentucky*, 179 F.4th at 969-70. The *Kentucky* challengers petitioned the U.S. Supreme Court for a writ of certiorari, and those petitions remain pending. *See* Petition for Writ of Certiorari at 32, *Kentucky v. EPA*, No. 26-277 (S. Ct. Aug. 28, 2026). The 2024 $PM_{2.5}$ standard's legality thus remains uncertain.[2]

On July 17, 2026, the district court in this case granted in part Plaintiffs' motions for summary judgment. In doing so, the court issued a mandatory injunction that EPA designate "all areas of the country" for the 2024 $PM_{2.5}$ standard, pursuant to 42 U.S.C. section 7407(d)(1), and to promulgate and publish those designations in the Federal Register "no later than February 6, 2027." No. 4:26-cv-3118, Doc. 66

---

[2] If the Supreme Court grants review in *Kentucky*, EPA reserves the right to request any further relief that might be warranted at that time.

at 29. The district court entered final judgment on July 20, 2026. *Id.*, Doc. 67. EPA filed a notice of appeal on September 2, 2026.

## ARGUMENT

This Court may expedite "briefing and hearing" "upon a showing of good cause." 9th Cir. R. 27-12. "'Good cause' includes, but is not limited to, situations" where "in the absence of expedited treatment, irreparable harm may occur." *Id.*; *cf. Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("good cause" "has been construed broadly across procedural and statutory contexts"). This Court has afforded expedited review in appeals from district courts' grants of mandatory injunctions. *See Betschart v. Oregon*, 103 F.4th 607, 614, 619 (9th Cir. 2024); *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 n.13, 803 (9th Cir. 2019).

Good cause exists for expedited briefing, argument, and consideration of this appeal. Promulgating Clean Air Act area designations is a highly technical and resource-intensive undertaking, particularly for all areas of the entire United States. The district court's injunction requires EPA to promulgate those designations for all areas of the country on a tight schedule requiring final action and publication within seven months of the court's order—by February 6, 2027. Absent expedited consideration, this Court might not issue a decision on the injunction's propriety before EPA will be compelled to promulgate area designations on a nationwide scale. That would be so even though this Court might conclude that Plaintiffs are not entitled to

that sweeping relief. EPA thus requests expedition so that this Court renders a decision before January 29, 2027 (approximately one week before the district court's compliance deadline), considering that EPA must finalize the Federal Register notice before the district court's February 6 deadline to ensure timely publication.

Expedited review also serves the public interest. Clean Air Act area designations trigger certain legal requirements for states and have significant consequences for regulated entities. When EPA designates an area as "nonattainment," states are required to develop certain planning measures and implement "more stringent requirements." *Miss. Comm'n on Env't Quality*, 790 F.3d at 146; *see also Clean Wisc. v. EPA*, 964 F.3d 1145, 1153-54 (D.C. Cir. 2020) ("An area's designation is important because it determines the stringency of applicable emission controls."). For example, in nonattainment areas, the statute prescribes additional permitting requirements for new or modified major stationary sources. 42 U.S.C. §§ 7502(c)(5), 7503.

The designations process and its implications for implementation of a new or revised NAAQS is a resource-intensive process. States, regulated parties, and the public would benefit from this Court's ruling before January 29, 2027, on whether Plaintiffs are entitled to the relief they obtained. To illustrate, the planning processes triggered by "nonattainment" designations, *see* 42 U.S.C. § 7502, could be rendered unnecessary by reversal of the district court's injunction compelling EPA to promulgate designations for those areas.

Granting this motion will not prejudice Plaintiffs. Indeed, Plaintiffs pressed for rapid review of their claims at every stage of the district court proceedings. For example, Plaintiffs (1) moved for summary judgment before EPA's deadline to respond to their complaints, (2) argued that their claims were ripe notwithstanding *Kentucky*'s pendency and the potential for further review of the D.C. Circuit's decision, and (3) opposed EPA's motion for an abeyance pending *Kentucky* because delaying proceedings would allegedly harm their interests. *See* Background § II, *supra*; No. 4:26-cv-3118, Doc. 35 (May 4, 2026) (nongovernmental organizations' opposition to abeyance); *id.*, Doc. 42 (May 12, 2026) (state and local governments' opposition to abeyance). Through this motion, EPA similarly requests prompt review of the appeal.

EPA proposes the following briefing schedule:

| **Brief** | **Filing deadline** |
|---|---|
| EPA's Opening Brief | September 30, 2026 |
| Plaintiffs' Answering Brief(s) | October 30, 2026 |
| EPA's Reply Brief | November 20, 2026 |

EPA also submits that oral argument would benefit the Court's consideration of this appeal. EPA accordingly requests that this appeal be calendared for argument during any of its regular court sessions that are currently scheduled in San Francisco, Pasadena, San Jose, and Phoenix during the week of December 7 through 11, 2026.

*See* U.S. Court of Appeals for the Ninth Circuit, 2026 Court Sessions, https://perma.cc/RS94-4EU8 (last updated Feb. 9, 2026). Under this proposed schedule, oral argument would occur between two and three weeks after the filing of EPA's reply brief. Argument would also occur almost two months before January 29, 2027, and the district court's February 6, 2027, compliance deadline.

Consistent with Circuit Rule 27-12, EPA notes that a transcript of the district court's June 25, 2026, hearing was filed in the district court. *See* No. 4:26-cv-3118, Doc. 64 (July 3, 2026).

## CONCLUSION

EPA respectfully requests that this Court grant this motion to expedite and adopt EPA's proposed schedule for briefing and argument, allowing for a decision before January 29, 2027.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

/s/ *Kyle Glynn*
BRIAN C. TOTH
KYLE GLYNN
*Attorneys*
Energy and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-9568
kyle.glynn@usdoj.gov

Counsel for Appellant

Of Counsel:

GEOFFREY WILCOX
Office of General Counsel
U.S. Environmental Protection Agency

September 4, 2026
DJ 90-5-2-4-23196

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,985 words. This motion also complies with the page limit of Circuit Rule 27-1(1) because it does not exceed 20 pages in length.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Kyle Glynn*
KYLE GLYNN

Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will serve the document on the other participants in this case.

/s/ *Kyle Glynn*
KYLE GLYNN

Counsel for Appellant