**Case Nos. 26-5750, 26-5756**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS, ET AL.,

*Plaintiffs-Appellees*,

v.

LEE M. ZELDIN,
in his official capacity as Administrator of the
U.S. Environmental Protection Agency,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Northern District of California
Nos. 4:26-cv-3118, 4:26-cv-3500
Hon. Haywood S. Gilliam, Jr.

---

# HEALTH, ENVIRONMENTAL, AND COMMUNITY GROUP PLAINTIFFS-APPELLEES' MOTION FOR JUDICIAL NOTICE

---

## INTRODUCTION

Health, Environmental, and Community Group Plaintiffs[1] submit this Motion for Judicial Notice to ensure the Court is aware of and can consider certain public statements made by the Environmental Protection Agency ("EPA") that are relevant to Defendant-Appellant's arguments in this appeal. First, the Court should take judicial notice of EPA's prior statements from a previous designation process regarding the nature of its duty to promulgate designations for all areas of the country, which conflict with the interpretation the agency now urges this Court to adopt. Second, the Court should take judicial notice of a press release published by EPA during the pendency of this appeal, which confirms that the agency would not complete the designation process but for the district court's order. Both documents are public records that were authored by EPA and are publicly available on official government websites.

Pursuant to Ninth Circuit Rule 27-1(2), counsel for Health, Environmental, and Community Group Plaintiffs conferred with counsel for Defendant-Appellant and counsel for Government Plaintiffs.[2] Defendant-Appellant defers taking a position on the judicial-notice motion pending review of this Motion and reserves

---

[1] "Health, Environmental, and Community Group Plaintiffs" refers to all Plaintiffs-Appellees in Case No. 26-5750.

[2] "Government Plaintiffs" refers to Plaintiffs-Appellees in Case No. 26-5756.

the right to respond. Government Plaintiffs do not oppose this Motion.

## ARGUMENT

### I. THE COURT SHOULD GRANT THIS REQUEST FOR JUDICIAL NOTICE OF PUBLIC RECORDS AUTHORED BY EPA.

This Court may take judicial notice of "a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court is required to take judicial notice of such a fact "if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2). Judicial notice may be taken "at any stage of the proceeding." *Id.* 201(d).

"It is appropriate to take judicial notice" of information contained in documents that have been "made publicly available by government entities." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1030 n.2 (9th Cir. 2024) (taking judicial notice of federal agencies' guidance documents because they are "government sources").

Health, Environmental, and Community Group Plaintiffs respectfully request that the Court take judicial notice of two public records that are relevant to this appeal: (1) EPA's responses to public comments on its proposed designations for the 2012 primary annual national ambient air quality standard for fine

particulate matter ("$PM_{2.5}$")[3] ("EPA's 2014 Response to Comments"); and (2) a press release published on EPA's website during the pendency of this appeal describing "actions required under the [Clean Air Act]" that EPA is taking "to meet the court's deadline" to complete the designation process[4] ("October 2026 Press Release").

Both documents are public records that were authored by EPA and are publicly available on official government websites: EPA's 2014 Response to Comments is available for download on Regulations.gov, and the October 2026 Press Release is published on EPA's website. *See In re Silver Lake Grp., LLC Secs. Litig.*, 108 F.4th 1178, 1186 n.4 (9th Cir. 2024) (taking judicial notice of a document that was "publicly available on the [Federal Communications Commission] website"); *Daniels-Hall*, 629 F.3d at 998 (taking judicial notice of information "displayed publicly on the respective web sites of" two public school districts).

---

[3] EPA, *Responses to Significant Comments on the State and Tribal Designation Recommendations for the 2012 Annual $PM_{2.5}$ NAAQS, EPA-HQ-OAR-2012-0918-0037*, (Dec. 17, 2014), https://www.regulations.gov/document/EPA-HQ-OAR-2012-0918-0337, Ex.1.

[4] EPA, *EPA Notifies States of Potential Designations for the Biden EPA's Flawed 2024 Air Quality Standard Following Appealed Court Order* (Oct. 2, 2026), https://www.epa.gov/newsreleases/epa-notifies-states-potential-designations-biden-epas-flawed-2024-air-quality-standard, Ex.2.

EPA's 2014 Response to Comments[5] illustrates the agency's prior practice and interpretation of the nature of its duty to promulgate designations under the Clean Air Act. In its response to public comments on its proposed designations for the previous version of the $PM_{2.5}$ standard, EPA stated that dividing the designation process into "an unlimited number of separate" decisions, "without regard to the interconnections" between different locations, would be "inconsistent with the use of the word 'area' and the planning process provided in the Clean Air Act." EPA's 2014 Response to Comments 34. This previous statement is relevant to Health, Environmental, and Community Group Plaintiffs' discussion in their Answer about how EPA has historically used the designation process to divide the country up into areas based on factors beyond just jurisdictional boundaries.

EPA's October 2026 Press Release announces that the agency has sent letters to states announcing its intended designation approach, describes the agency's disagreement with the district court's order, and makes clear that it would not promulgate designations in the absence of that order. In particular, the press release explains that EPA has provided notifications regarding its "intended approach for area designations…despite EPA's belief the designations should not move forward." October 2026 Press Release 1.

---

[5] An excerpt of this document was included as Exhibit 6 to Health, Environmental, and Community Group Plaintiffs' motion for summary judgment and appears in 1-HealthER-199–212. This Motion requests notice of the remainder of document.

It is appropriate for this Court to take judicial notice of these relevant documents because they are public records, authored by EPA, and published on official government websites. The information contained in these documents can thus be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## CONCLUSION

For the reasons described above, Health, Environmental, and Community Group Plaintiffs respectfully request that the Court take judicial notice of EPA's 2014 Response to Comments and the October 2026 Press Release.

Respectfully submitted this 13th day of November, 2026.

*<u>/s/ Sage Lincoln</u>*
Sage Lincoln, PA Bar No. 333682
Marvin C. Brown IV, DC Bar No. 1753696
Seth L. Johnson, DC Bar No. 1001654
Earthjustice
1250 I Street NW, 4th Floor
Washington, DC 20005
(202) 830-3311
(202) 794-5355
(202) 797-5245
slincoln@earthjustice.org
mcbrown@earthjustice.org
sjohnson@earthjustice.org

Colin C. O'Brien, CA Bar No. 309413
Earthjustice
1 Sansome Street, Suite 1700
San Francisco, CA 94104
Tel: 415-217-2000/Fax: 415-217-2040
cobrien@earthjustice.org

*Counsel for Plaintiffs-Appellees Alliance of Nurses for Healthy Environments, American Lung Association, American Public Health Association, American Thoracic Society, Center for Biological Diversity, Northeast Ohio Community Resilience Centre, Rio Grande International Study Center, and Sierra Club*

*<u>/s/ Emily Davis</u>*
Emily Davis, CA Bar No. 314152
John Walke, DC Bar No. 450508
*Application for admission forthcoming*
Natural Resources Defense Council
1152 15th St NW, #300
Washington, DC 20005
(202) 289-6868
edavis@nrdc.org
jwalke@nrdc.org

*Counsel for Plaintiff-Appellee Natural Resources Defense Council*

*/s/ Caroline Cress*
Caroline Cress, NC Bar No. 63104
Southern Environmental Law Center
136 E. Rosemary Street, Suite 500
Chapel Hill, NC 27514
(919) 967-1450
ccress@selc.org

*Counsel for Plaintiffs-Appellees CleanAIRE NC,*
*Georgia Interfaith Power & Light, and Savannah Riverkeeper*

*/s/ Hayden W. Hashimoto*
Hayden W. Hashimoto, CA Bar No. 325150
Shaun A. Goho, MA Bar No. 652287
Rachel J. Swanteson-Franz, NM Bar No. 161572
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
hhashimoto@catf.us
sgoho@catf.us
rfranz@catf.us

*Counsel for Plaintiffs-Appellees Citizens for Pennsylvania's Future,*
*Clean Air Council, Conservation Law Foundation,*
*and Michigan Environmental Council*

*/s/ Richard Yates*
Richard Yates, CA Bar No. 348185
Environmental Defense Fund
2060 Broadway
Suite 300
Boulder, CO 80302
(415) 293-6083
ryates@edf.org

*Counsel for Plaintiff-Appellee Environmental Defense Fund*