**Case Nos. 26-5750, 26-5756**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS, ET AL.,

*Plaintiffs-Appellees*,

v.

LEE M. ZELDIN,
in his official capacity as Administrator of the
U.S. Environmental Protection Agency,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Northern District of California
Nos. 4:26-cv-3118, 4:26-cv-3500
Hon. Haywood S. Gilliam, Jr.

---

**HEALTH, ENVIRONMENTAL, AND COMMUNITY GROUP PLAINTIFFS-APPELLEES' MOTION FOR JUDICIAL NOTICE**

**EXHIBIT 2**

---

Case: 26-5750, 11/13/2026, DktEntry: 29.4, (2 of 4)

EPA

# EPA Notifies States of Potential Designations for the Biden EPA's Flawed 2024 Air Quality Standard Following Appealed Court Order

October 2, 2026

EPA Press Office (press@epa.gov)

**WASHINGTON** — Today, U.S. Environmental Protection Agency (EPA) notified all 50 states, the District of Columbia, five territories, and 67 Tribes of the agency's intended approach for area designations under the Biden-era 2024 revised National Ambient Air Quality Standards (NAAQS) for fine particulate matter ($PM_{2.5}$) despite EPA's belief the designations should not move forward. To assist in further analysis, EPA is providing an opportunity for states, territories, and Tribes to submit additional information within 30 days. The agency is also publishing a Notice of Availability in the *Federal Register* opening a 30-day public comment period for all Americans to provide feedback. These opportunities for further input represent a step toward complying with a court order issued by the U.S. District Court for the Northern District of California requiring EPA to designate areas as attainment, unclassifiable, or nonattainment under the 2024 $PM_{2.5}$ NAAQS by February 6, 2027.

Since day one, the Trump EPA has maintained the position that the Biden Administration's 2024 $PM_{2.5}$ NAAQS is unlawful on multiple grounds. In 2020, EPA concluded after the "thorough review" of available science required by the Clean Air Act (CAA) that the 2012 $PM_{2.5}$ standard set by the Obama Administration protects public health with an "adequate margin of safety." In 2021, however, the Biden Administration broke with fifty years of precedent by "reconsidering" and revising the standard without

Case: 26-5750, 11/13/2026, DktEntry: 29.4, (3 of 4)

doing a thorough review required by law. The resulting 2024 $PM_{2.5}$ NAAQS—which were set without fully considering the available science or taking into account the severe consequences a rushed revision would have on Americans—is the most stringent in history and approaching natural levels.

In a brief filed today with the U.S. Supreme Court, the United States joined a broad coalition of States and associations in urging the Justices to review the 2024 standard; once again acknowledging that the 2024 $PM_{2.5}$ NAAQS did not comply with statutory requirements. In addition to the unlawful and scientifically unsound nature of the underlying standard, EPA is concerned that the court-ordered deadline leaves insufficient time to consider critical information relevant to particular areas.

Additionally, due to significant wildfires, concerns with the accuracy of air monitors, and the need to evaluate new data, EPA believes the designation timeline set by the court is unrealistic and could cause further harm. On September 2, 2026, EPA appealed the district court order imposing a rushed deadline for the agency to designate all areas by February 6, 2027. The agency requested, and the Ninth Circuit granted, expedited consideration of the case. However, while the appeals are pending, EPA is taking the actions required under the CAA to meet the court's deadline. Absent further action by the judiciary, the agency intends to meet the current, court-ordered deadline for finalizing designations based on monitoring data from 2023-2025 and other relevant available information.

The Trump EPA has been committed to making every decision based on the best available science and the best reading of the law. A rushed decision to revise the NAAQS, as well as a rushed timeline for designating all areas of the nation under an unlawful standard, goes against these principles.

Details on the potential designations and EPA's responses to initial area designations submitted by states, territories, and Tribes are accessible on the EPA designations webpage <https://epa.gov/particle-pollution-designations/primary-annual-fine-particulate-matter-designations-state-initial>.

# Background

Under the CAA, when EPA establishes a new or revised NAAQS, governors and other leaders submit initial designations for areas within their states or tribal area. Areas can be designated as attainment, meaning they meet the air quality standard; nonattainment, meaning they do not meet the air quality standard; or unclassifiable, meaning there is not enough monitoring data or other information to make a determination. If EPA intends to modify an initial area designation, the agency must notify that governor or respective leader at least 120 days before finalizing the designation. EPA is fulfilling this obligation today by notifying states, territories, and Tribes of potential modifications to their initial designations.

In November 2025, EPA confessed error before the D.C. Circuit, admitted that the 2024 $PM_{2.5}$ NAAQS was unlawful, and urged the court to vacate the standard. The D.C. Circuit denied EPA's motion, rejected similar arguments by a broad coalition of states and associations, and sided with intervenors who argued that the statute allows the agency to act outside statutory requirements and without considering relevant factors. States and industry petitioners have asked the Supreme Court to review and overturn the D.C. Circuit's decision.

Last updated on October 22, 2026