Nos. 26-5750, 26-5756

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS, *et al.*,
*Plaintiffs-Appellees*,

v.

LEE ZELDIN, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY,
*Defendant-Appellant*.

**On Appeal from the United States District Court**
**for the District of California**
Nos. 4:26-cv-3118-HSG; 4:26-cv-3500-HSG

# GOVERNMENT PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

ROB BONTA
*Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH M. SMITH
*Senior Assistant Attorney General*
MYUNG J. PARK
CHRISTIE VOSBURG
*Supervising Deputy Attorneys General*

STACY J. LAU
COREY M. MOFFAT
JONATHAN WIENER
*Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3549
Fax: (415) 703-1107
Jonathan.Wiener@doj.ca.gov

November 13, 2026

Additional counsel listed on signature pages

## INTRODUCTION

Government Plaintiffs[1] request judicial notice of certain public documents and court filings identified below. These public documents and court filings all meet the standard for judicial notice laid out in Federal Rules of Evidence and are relevant to Government Plaintiffs' arguments in this appeal.

Pursuant to Ninth Circuit Rule 27-1(2) and Circuit Advisory Note 27-1(5), counsel for Government Plaintiffs conferred with counsel for Defendant-Appellant U.S. Environmental Protection Agency ("EPA") and counsel for Health, Environmental, and Community Group Plaintiffs.[2] EPA deferred taking a position pending review of this motion and reserved the right to respond. Health, Environmental, and Community Group Plaintiffs do not oppose this motion.

## ARGUMENT

The Federal Rules of Evidence provide that courts may take judicial notice of "a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts are required to take judicial notice of such a fact "if a party requests it and the court is supplied with the necessary

---

[1] "Government Plaintiffs" refers to Plaintiffs-Appellees in Case No. 26-5756.

[2] "Health, Environmental, and Community Group Plaintiffs" refers to Plaintiffs-Appellees in Case No. 26-5750.

information." *Id.* 201(c)(2); *Lyon v. Gila River Indian Comm.* (9th Cir. 2010) 626 F3d 1059, 1075 (abuse of discretion to deny judicial notice when all necessary information supplied). Courts may take judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d). This allows appellate courts to take judicial notice of documents even if they were not included in the record below. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF RELEVANT PUBLIC RECORDS

Government Plaintiffs request that the Court take judicial notice of the following public records that are relevant to this appeal:

- EPA's September 30, 2026, letter to Edward Lamont, Governor of Connecticut regarding EPA's intended approach for area designations for the 2024 primary annual $PM_{2.5}$ standard, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT A;[3]
- Pennsylvania Department of Environmental Protection's April 15, 2025, letter to EPA regarding submission of designation recommendations for the revised primary annual NAAQS for $PM_{2.5}$, a true and correct copy of which

[3] Available on EPA's website at: https://www.epa.gov/system/files/documents/2026-10/2024-pm2.5-naaqs-120-day-letters-ct-mas.pdf.

was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT B;[4]

- Kentucky Energy and Environment Cabinet's February 7, 2025, letter to EPA regarding submission of designation recommendations for the revised $PM_{2.5}$ primary annual standard, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT C;[5]
- California Air Resources Board's January 28, 2025, letter to EPA regarding submission of designation recommendations for the revised federal annual $PM_{2.5}$ standard, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT D;[6]
- EPA's August 19, 2014, letter to Edmund G. Brown, Jr., Governor of California regarding EPA's intended approach for area designations for the 2012 annual $PM_{2.5}$ NAAQS, a true and correct copy of which was

[4] Available on EPA's website at: https://www.epa.gov/particle-pollution-designations/2024-pm25-primary-annual-naaqs-designations-pennsylvania-initial.

[5] Available on EPA's website at: https://www.epa.gov/system/files/documents/2026-09/ky-state-recommendation.pdf.

[6] Available on EPA's website at: https://www.epa.gov/system/files/documents/2026-09/ca_state-recommendation.pdf.

downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT E;[7]

- EPA's list of California Nonattainment/Maintenance Status for Each County by Year for All Criteria Pollutants, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT F;[8]
- EPA's list of Texas Nonattainment/Maintenance Status for Each County by Year for All Criteria Pollutants, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT G;[9]
- EPA's list of Delaware Nonattainment/Maintenance Status for Each County by Year for All Criteria Pollutants, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT H;[10]
- EPA's list of Rhode Island Nonattainment/Maintenance Status for Each

---

[7] Available on EPA's website at: https://www3.epa.gov/airquality/particlepollution/designations/2012standards/eparesp/09_CA_120resp.pdf.

[8] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/anayo_ca.html.

[9] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/anayo_tx.html.

[10] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/anayo_de.html.

County by Year for All Criteria Pollutants, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT I;[11]

- EPA's Area Map for S.E. Desert Modified Air Quality Maintenance Area, CA, Severe-17 Ozone Nonattainment Area, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT J;[12]
- EPA's Area Map for California 8-Hour Ozone Nonattainment Areas for the 1997 Standard, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT K;[13]
- EPA's Area Map of Texas for 8-hour Ozone Nonattainment Areas (1997 Standard – Revoked), a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT L;[14]

---

[11] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/anayo_ri.html.

[12] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/sedesero.html.

[13] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/ca8_1997.html.

[14] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/tx8_1997.html.

- EPA's Area Map of Texas 8-hour Ozone Nonattainment Areas (2008 Standard), a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT M;[15]
- EPA's Area Map of Texas 8-hour Ozone Nonattainment Areas (2015 Standard), a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT N;[16]
- EPA's Area Map of Dallas-Fort Worth, TX Serious Ozone Nonattainment Area for 1979 1-hour standard, a true and correct copy of which was downloaded from EPA's website on November 13, 2026, and is attached hereto as EXHIBIT O.[17]

All of these documents are public records, available on EPA's public website, which were authored and disseminated by public officials. All of these documents are also relevant to the methodology, results, and/or consequences of EPA's designation process, which are at issue in this matter. Courts routinely take judicial notice of such public records. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of this

---

[15] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/tx8_2008.html.

[16] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/tx8_2015.html.

[17] Available on EPA's website at: https://www3.epa.gov/airquality/greenbook/dallaso.html.

information, as it was made publicly available by government entities"); *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1030 n.2 (9th Cir. 2024) (granting judicial notice of federal agencies' guidance documents because they are "government sources"); *Greeson v. Imperial Irrigation Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of…public documents[.]"). Furthermore, courts routinely take judicial notice of documents that are publicly available on federal, state, and local agency websites. *See, e.g., In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1186 n.4 (9th Cir. 2024) (taking judicial notice of a document that was "publicly available on the [Federal Communications Commission] website"); *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (taking judicial notice of documents available on the California Gambling Control Commission's website); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of documents that "can be accessed at Santa Monica's official website").

It is therefore appropriate for this Court to take judicial notice of these relevant public records as they are all publicly available on EPA's website and can thus be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF RELEVANT COURT FILINGS

Government Plaintiffs request that the Court take judicial notice of the following court filings in *Commonwealth of Kentucky, et al. v. EPA, et al.*, D.C. Cir. No. 24-1050 ("*Kentucky*"):

- EPA's Final Brief (Oct. 15, 2024), ECF#2079971, a true and correct copy of which is attached hereto as EXHIBIT P;
- EPA's Motion to Hold Case in Abeyance (Feb. 18, 2025), ECF#2101162, a true and correct copy of which is attached hereto as EXHIBIT Q;
- EPA's Motion to Hold Case in Abeyance for an Additional 30 Days (April 28, 2025), ECF#2113331, a true and correct copy of which is attached hereto as EXHIBIT R;
- Health, Environmental, and Community Groups' Opposition to Motion to Hold Case in Abeyance (May 2, 2025), ECF#2114090, a true and correct copy of which is attached hereto as EXHIBIT S;
- EPA's Reply in Support of Motion for Abeyance (May 9, 2025), ECF#2115171, a true and correct copy of which is attached hereto as EXHIBIT T;
- EPA's Motion to Extend Abeyance for an Additional 45 Days (Aug. 13, 2025), ECF #2130019, a true and correct copy of which is attached hereto as EXHIBIT U;

- EPA's Reply in Support of Motion to Extend Abeyance (Aug. 27, 2025), ECF#2132340, a true and correct copy of which is attached hereto as EXHIBIT V;
- EPA's Motion for Vacatur (Nov. 24, 2025), ECF#2147050, a true and correct copy of which is attached hereto as EXHIBIT W; and
- EPA's Reply in Support of Motion for Vacatur (Dec. 23, 2025), ECF#2151956, a true and correct copy of which is attached hereto as EXHIBIT X.

Additionally, Government Plaintiffs request that the Court take judicial notice of EPA's Brief in Support of Petitioners (Aug. 28, 2026) in *Commonwealth of Kentucky, et al. v. EPA, et al.*, Nos. 26-277, 26-298 (U.S. Sept. 2, 2026), a true and correct copy of which is attached hereto as EXHIBIT Y.

Courts routinely take judicial notice of filings in other lawsuits. Karen L. Stevenson & James E. Fitzgerald, *The Rutter Group Practice Guide: Federal Civil Procedure Before Trial* ¶ 12:55 (The Rutter Group 2026). As this Court has explained, "[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 (9th Cir. 2002) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.1992); *see, e.g., Mullis v. U.S. Bankr. Court for Dist. of*

*Nevada*, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987) (taking judicial notice of pleadings, orders and other filings in bankruptcy lawsuit). Here, the referenced filings in *Kentucky* and subsequent brief in support of certiorari are relevant to this lawsuit because they convey EPA's official position regarding its obligation and efforts to promulgate designations for the 2024 primary annual NAAQS for $PM_{2.5}$.

It is therefore appropriate for this Court to take judicial notice of these relevant court filings as they were all made within the federal judicial system, and can thus be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## CONCLUSION

For the reasons described above, Government Plaintiffs respectfully request that the Court take judicial notice of the referenced public records and court filings.

Respectfully submitted this 13th day of November, 2026.

**FOR THE STATE OF CALIFORNIA**
ROB BONTA
ATTORNEY GENERAL

CHRISTIE VOSBURG
MYUNG J. PARK
Supervising Deputy Attorneys General

*/s/ Jonathan A. Wiener*
JONATHAN A. WIENER
STACY J. LAU
COREY M. MOFFAT
Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
(415) 510-3549
jonathan.wiener@doj.ca.gov

**FOR THE STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Jill Lacedonia*
JILL LACEDONIA
Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

**FOR THE STATE OF HAWAIʻI**
ANNE E. LOPEZ
ATTORNEY GENERAL

MELISSA J. KOLONIE
Supervising Deputy Attorney General

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
465 South King Street, Room 200
Honolulu, HI 96813
(808) 587-3050
Lyle.t.leonard@hawaii.gov

**FOR THE STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-641
sgoldstein@oag.maryland.gov

**FOR THE COMMONWEALTH OF MASSACHUSETTS**
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Tracy L. Triplett*
TRACY L. TRIPLETT
Senior Enforcement Counsel
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2431
Tracy.Triplett@mass.gov

**FOR THE STATE OF MINNESOTA**
KEITH ELLISON
Attorney General

*/s/ Cat Rios-Keating*
CAT RIOS-KEATING
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-300-7302
Catherine.Rios-Keating@ag.state.mn.us

**FOR THE STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Nicholas C. Buttino*
NICHOLAS C. BUTTINO
Assistant Attorney General
New York Attorney General's Office
State Capitol
Albany, NY 12224
518-776-2406
Nicholas.Buttino@ag.ny.gov

**FOR THE STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**FOR THE STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Melanie Kehne*
MELANIE KEHNE
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
melanie.kehne@vermont.gov

**FOR THE STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Bradley J. Motl*
BRADLEY J. MOTL
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
(608) 267-0505
bradley.motl@wisdoj.gov

**FOR THE DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov

**FOR HARRIS COUNTY, TEXAS**
ABBIE KAMIN
COUNTY ATTORNEY

NEAL SARKAR
FIRST ASSISTANT COUNTY ATTORNEY

*/s/ Sarah J. Utley*
SARAH J. UTLEY
Managing Counsel
Affirmative & Special Litigation and Environmental
ELIZABETH HIDALGO
Assistant County Attorney
Harris County Attorney's Office
1010 Lamar, 11th Floor
Houston, Texas 77002
(713) 274-5394
Sarah.Utley@harriscountytx.gov
Elizabeth.Hidalgo@harriscountytx.gov

**FOR THE CITY OF NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

*/s/ Nathan Taylor*
NATHAN TAYLOR
Assistant Corporation Counsel
New York City Law Department
100 Church St.
New York, New York, 10007
Tel. 212-356-2315
ntaylor@law.nyc.gov